United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL CASE NO. 6:26-CR-47-4** |
| | § | |
| **CORBETT DEWEY KING, III** | § | |

**ORDER GRANTING UNOPPOSED MOTION FOR CONTINUANCE**

On August 14, 2026, Defendant moved for a continuance of the trial setting on the following grounds: It has been less than 30 days between the date of Defendant King's arraignment and the date of trial. And defense counsel needs time to review discovery and determine whether to proceed with a trial or plead guilty. (D.E. 62).

Under the Speedy Trial Act, a district court may grant a continuance and exclude the resulting delay from the time in which a trial must commence if it makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. 18 U.S.C. § 3161(h)(7).

Having considered Defendant's motion, the Court finds the following § 3161(h)(7)(B) factors apply to the case at hand:

_____ (1) That the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

_____ (2) That the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

_____ (3) That, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

__X__ (4) That the failure to grant such a continuance in this case which, taken as a whole, is not so unusual or so complex as to fall within clause (2) above, would deny the defendant or the government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

_____ (5) Other relevant factors:

Accordingly, the Court finds that the ends of justice are served by granting a continuance in this case and outweigh the best interests of the public and Defendant in a speedy trial. The Court **GRANTS** Defendant's motion and **CONTINUES** the Final Pretrial Conference (FPTC) until **September 22, 2026 at 1:30 p.m.** and Jury Selection/Trial until **September 28, 2026 at 9:00 a.m.** All motions shall be filed in accordance with the dates set forth in the original Pretrial Order. Parties are ordered to file motions in limine, exhibit and witness lists, and proposed jury instructions no later than **3 days before FPTC**. Any plea bargain or plea agreement entered into by the parties in this cause must be made known in writing on or before **3 days before FPTC.** No plea bargain or plea agreement entered into after this date will be honored by this Court without good cause shown for the delay. Any motion to continue the Final Pretrial Conference and Jury Selection and Trial must be filed no later than **3 days before FPTC**. Failure to abide by the deadlines may result in motions being stricken or denied.

**ORDERED** on August 14, 2026.

Nelva Gonzales Ramos

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE